IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Applica Consumer Products, Inc., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| PETCO Animal Supplies Stores, Inc., and PETCO Southwest, Inc. | § § § | Jury Trial Requested |
| Defendants. | § § | |

# COMPLAINT

Plaintiff, Applica Consumer Products, Inc. ("Applica"), complains of Defendants, PETCO Animal Supplies Stores, Inc. ("PETCO Stores") and PETCO Southwest, Inc. ("PETCO Southwest") (collectively, "PETCO") as follows:

## PARTIES

1. Applica is a Florida corporation having a principal place of business at 3633 Flamingo Road, Miramar, Florida 33027. Applica markets and distributes household products, including products under licensed brand names BLACK & DECKER® and company-owned brand names like LITTERMAID®.

2. Applica markets and distributes patented automatic self-cleaning cat litter box products and accessories under the LITTERMAID® mark. Applica has made and continues to make substantial investments in its LITTERMAID® product business to make its products the products of choice among America's cat owners. Applica's LITTERMAID® litter box products promote a healthy and safe environment for cats, and provide a convenient, easy to use litter box solution for America's cat owners.

6040760

3. PETCO Stores is a Delaware corporation having its principal place of business located at 9125 Rehco Road, San Diego, CA 92121. PETCO Stores may be served via its registered agent, Prentice-Hall Corporation System, Inc., 701 Brazos Street, Suite 1050, Austin, TX 78701.

4. PETCO Southwest is a wholly owned subsidiary of PETCO Stores.

5. PETCO Southwest is a California corporation having its principle place of business located at 9125 Rehco Road, San Diego, CA 92121. PETCO Southwest may be served via its registered agent, Prentice-Hall Corporation System, Inc., 701 Brazos Street, Suite 1050, Austin, TX 78701.

6. PETCO imports, sells, and offers for sale various pet products under the brand name "ScoopFree," including automatic self-cleaning cat litter boxes.

7. PETCO imports, sells, and offers for sale various pet products under the brand name "SmartScoop," including automatic self-cleaning cat litter boxes.

## PATENTS

8. Waters Research Company ("WRC"), an Illinois corporation having a principal place of business at 213 West Main Street, West Dundee, Illinois 60118, owns United States Patent Re. 36,847 ("the '847 Patent") entitled "Automated Self-Cleaning Litter Box for Cats," which issued on September 5, 2000 (Exhibit A).

9. Applica is the exclusive licensee of the '847 Patent.

10. Applica has properly marked its cat litter box products with this patent number.

## STANDING

11. Applica has standing in this lawsuit as exclusive licensee of the '847 Patent.

## JURISDICTION

12. This Complaint includes claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of these claims made under 28 U.S.C. § 1338(a).

13. This Court may exercise personal jurisdiction over PETCO Stores based upon its contacts with this forum, including, at least, regularly and intentionally doing business here.

14. This Court may exercise personal jurisdiction over PETCO Southwest based upon its contacts with this forum, including, at least, regularly and intentionally doing business here.

## VENUE

15. Venue is proper in this district under 28 U.S.C. § 1400(b) and/or § 1391(b). PETCO Stores and PETCO Southwest are corporations that reside in this district under 28 U.S.C. § 1391(c), as both PETCO Stores and PETCO Southwest are subject to personal jurisdiction in this district. In particular, PETCO transacts business in this district, including selling cat litter box products through its PETCO® branded retail stores located in this district and through the internet to customers residing in this district, *e.g.*, through its website <www.petco.com>. The cat litter boxes and cat litter box products sold by PETCO in this district include self-cleaning litter boxes and other products, such as replacement litter cartridges, that are specifically the subject matter of Applica's claims.

### COUNT I - DIRECT INFRINGEMENT OF THE '847 PATENT

16. Applica realleges the allegations in paragraphs 1–15 as though fully set forth herein.

17. PETCO, has infringed at least one claim of the '847 Patent under 35 U.S.C. § 271(a) by, among other activities, the promotion, use, importation, sale, and offer for sale of

cat litter box products, including but not limited to, for example, the "ScoopFree" self-cleaning litter box product.

18. PETCO, has infringed at least one claim of the '847 Patent under 35 U.S.C. § 271(a) by, among other activities, the promotion, use, importation, sale, and offer for sale of cat litter box products, including but not limited to, for example, the "SmartScoop" self-cleaning litter box product.

19. PETCO's infringement has injured Applica, and, as a consequence, Applica is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

20. On March 8, 2007, Applica filed Civil Action No. 2:07-CV-73 in the United States District Court for the Eastern District of Texas ("District Court Action"), naming the manufacturer of the "ScoopFree" products, Lucky Litter LLC ("Lucky Litter"), as a defendant, and alleging, *inter alia*, that the "ScoopFree" products infringe the '847 Patent.

21. Upon information and belief, PETCO is aware of the District Court Action and Applica's allegations therein that the "ScoopFree" products infringe the '847 Patent.

22. Upon information and belief, PETCO has continued after learning of the District Court Action to promote, use, import, sell, and offer for sale the "ScoopFree" products.

23. PETCO's continued infringement after learning of the District Court Action has been willful and deliberate and has injured and will continue to injure Applica unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further promotion, use, importation, sale and offer for sale of products within the scope of the '847 Patent.

24. On December 28, 2007, the United States International Trade Commission initiated Investigation No. 337-TA-625 ("the Investigation") to determine whether the "ScoopFree" and "SmartScoop" products infringe the '847 Patent. On December 2, 2008, the Administrative Law Judge ("ALJ") presiding over the Investigation issued an Initial Determination which found that the "ScoopFree" products directly and contributorily infringe the '847 Patent and found that the "SmartScoop" products directly infringe the '847 Patent.

25. On December 8, 2008, PETCO was made aware of the ALJ's determination that the "ScoopFree" and "SmartScoop" products infringe the '847 Patent.

26. Upon information and belief, PETCO has continued—after learning of the ALJ's Initial Determination—to promote, use, import, sell, and offer for sale the "ScoopFree" and "SmartScoop" products.

27. PETCO's continued infringement after learning of the ALJ's infringement finding has been willful and deliberate and has injured and will continue to injure Applica unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further promotion, use, importation, sale and offer for sale of products within the scope of the '847 Patent.

28. On April 8, 2009, six Commissioners at the United States International Trade Commission ("the Commission") affirmed the ALJ's Initial Determination in the Investigation and issued a Final Determination wherein the "ScoopFree" products were found to directly and contributorily infringe the '847 Patent and wherein the "SmartScoop" products were found to directly infringe the '847 Patent.

29. On or about May 21, 2009, PETCO was made aware of the Commission's Final Determination that the "ScoopFree" and "SmartScoop" products infringe the '847 Patent.

30.     As of July 15, 2009, PETCO is still selling the products that were determined by the ITC to infringe the '847 Patent.

31.     PETCO has been made aware of the '847 Patent and has, nonetheless, infringed claims of that patent with knowledge of the patent's scope and application to the activities carried out by PETCO.

32.     As a consequence, PETCO's infringement has been willful and deliberate and has injured and will continue to injure Applica unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further promotion, use, importation, sale, and offer for sale of products within the scope of the '847 Patent.

33.     PETCO's infringement is knowing and willful and entitles Applica to recover enhanced damages and reasonable attorney fees under 35 U.S.C. §§ 284, 285.

### COUNT II - INDUCING INFRINGEMENT OF THE '847 PATENT

34.     Applica realleges the allegations in paragraphs 1–33 as though fully set forth herein.

35.     PETCO has further committed acts of infringement of the '847 Patent by inducing infringement of the '847 Patent by others under 35 U.S.C. § 271(b). PETCO has actively and knowingly aided and abetted their customers' direct infringement.

36.     PETCO's infringement has injured Applica, and, as a consequence, Applica is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

37.     PETCO's infringement is knowing and willful and entitles Applica to recover enhanced damages and reasonable attorney fees under 35 U.S.C. §§ 284, 285.

**COUNT III - CONTRIBUTORY INFRINGEMENT OF THE '847 PATENT**

38.     Applica realleges the allegations in paragraphs 1–37 as though fully set forth herein.

39.     PETCO has further committed acts of infringement of the '847 Patent by contributing to infringement of the '847 Patent by others under 35 U.S.C. § 271(c). PETCO has sold and offered for sale within the United States and in Longview, Texas a component constituting a material part of the invention claimed in the '847 Patent knowing that the component was especially made or adapted for use in infringement of that patent and is not a staple article of commodity or commerce suitable for substantial noninfringing use.

40.     PETCO's infringement has injured Applica, and, as a consequence, Applica is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

41.     PETCO's infringement is knowing and willful and entitles Applica to recover enhanced damages and reasonable attorney fees under 35 U.S.C. §§ 284, 285.

WHEREFORE, Plaintiff Applica Consumer Products, Inc. asks this Court to enter judgment against PETCO Stores and PETCO Southwest, and against PETCO's subsidiaries, affiliates, agents, servants, employees, and all persons in active concert or participation with PETCO, granting the following relief:

    A.     A temporary restraining order and preliminary injunction enjoining infringement of the '847 Patent;

    B.     An award of damages adequate to compensate Applica for the infringement that has occurred, and in no event less than a reasonable royalty, together with prejudgment interest from the date infringement of the '847 Patent began;

    C.     Increased damages as permitted under 35 U.S.C. § 284;

D.   A finding that this case is exceptional and an award to Applica its attorneys' fees and costs as provided by 35 U.S.C. § 285;

E.   A permanent injunction prohibiting further infringement of the '847 Patent; and

F.   Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Applica demands a trial by jury on all issues presented in this Complaint.


Respectfully submitted,


*/s/ Bruce W. Slayden II by permission D. Jeffrey Rambin*
Bruce W. Slayden II  (TX Bar No. 18496695)
bslayden@kslaw.com
Jeffrey D. Mills (TX Bar No. 24034203)
dmills@kslaw.com
R. William Beard, Jr.  (TX Bar No. 00793318)
wbeard@kslaw.com
Brian Christopher Banner (TX Bar No. 24059416)
bbanner@kslaw.com
Truman H. Fenton (TX Bar No. 24059742)
tfenton@kslaw.com
King & Spalding LLP
401 Congress Avenue, Suite 3200
Austin, Texas 78701
Tel 512.457.2026
Fax 512.457.2100

6040760

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
drambin@capshawlaw.com
CAPSHAW & DERIEUX LLP
1127 Judson Road, Suite 220
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Facsimile:   (903) 236-8787

**ATTORNEYS FOR PLAINTIFF**
**APPLICA CONSUMER PRODUCTS, INC.**